Charles Joseph
D. Maimon Kirschenbaum
Michael D. Palmer
Joseph, Herzfeld, Hester & Kirschenbaum LLP
233 Broadway, 5th Floor
New York, NY 10279
Tel: (212) 688-5640
Fax: (212) 688-2548

Eric Kingsley*
Kingsley & Kingsley, APC
16133 Ventura Boulevard, Suite 1200
Encino, CA 91436
Tel: (818) 990-8300
Fax: (818) 990-2903
*Seeking admission pro hac vice

*Attorneys for Plaintiff, proposed collective
action members, and putative class members*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
**TIMOTHY BRENNAN, on behalf of himself
and others similarly situated,**

                         **Plaintiffs,**

     **v.**

**WARNER CHILCOTT (U.S.), LLC,**

                     **Defendant.**
-----------------------------------------------------------x

**INDEX NO:**

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

## INTRODUCTION AND CERTAIN DEFINITIONS

1.    This is an action for violations of the New York overtime law by and on behalf of former and current employees of Defendant who worked as Sales Representatives, including Plaintiff Timothy Brennan ("Plaintiff"). Pursuant to a decision, policy and plan, these employees were and are unlawfully classified by Defendant as exempt from overtime pay under the New York overtime law, but actually were and are non-exempt and entitled to overtime pay.

1

2.    The allegations in this pleading are made without any admission that, as to any particular allegation, Plaintiff bears the burden of pleading, proof, or persuasion.  Plaintiff reserves all rights to plead in the alternative.

## PARTIES

3.    Defendant Warner Chilcott (U.S.), LLC is a Delaware limited liability company whose principal place of business is in Rockaway, New Jersey.  Warner Chilcott does business in New York and other states.

4.    Plaintiff Timothy Brennan is a New Jersey resident and worked for Defendant in New York from approximately October 2006 through April 2011 as a Sales Representative. Plaintiff worked hours in excess of forty (40) hours per workweek, without receiving overtime compensation as required by federal and state law.

## JURISDICTION AND VENUE

5.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d), as minimal diversity is present, the amount in controversy is well over $5 million, exclusive of interest and costs, and the putative class exceeds one hundred members.

6.    Venue is proper in this District because Defendant conducts business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

7.    There is personal jurisdiction in this District over the Defendant.  Presently and at all times, Defendant has conducted substantial, continuous and systematic commercial activities in this District.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

8.    Plaintiff brings the First Claim for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all persons who have been, are, or in the future will be employed by the Defendant as Sales Representatives, and employees who performed substantially the same work as employees with those titles (discovery may reveal additional titles and employees that should be included) and who were employed in the United States on or after the date that is six years before the filing of the Complaint.

9.    All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

10.    The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are significantly more than forty (40) members in the Class.

11.    Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants failing to pay overtime compensation and failing to properly record their hours worked. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts

as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

12. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in employment and wage and hour litigation and class action litigation and have many times previously represented plaintiffs in wage and hour class cases.

13. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are relatively small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were

4

not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

14. Upon information and belief, Defendants and other employers throughout the state violate the New York overtime law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

15. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a. What are the primary job duties and tasks performed by the Sales Representatives;

b. What are Defendant's policies, procedures and protocols regarding payment of overtime wages to Sales Representatives;

c. What are Defendant's policies, procedures and protocols regarding the recording of hours worked by Sales Representatives; and

d. Whether Defendants misclassified Sales Representatives as exempt from overtime, in violation of 12 NYCRR § 142-2.2.

## FACTS

16. Plaintiff and the other Class members were paid a salary plus a bonus for work performed.

17.    Upon information and belief, Defendant's managers, with the knowledge and consent of corporate management, systemically violated the law throughout the United States, in the following respects:

    a.)    Failing to pay Class members overtime compensation for hours worked in excess of forty hours per week; and

    b.)    Failing to maintain accurate records of the time worked by Class members.

18.    During Plaintiff's employment with Defendant, he worked over 40 hours per week on a regular basis.

19.    Plaintiff sustained substantial losses from Defendant's failure to pay him overtime compensation.

20.    Upon information and belief, other Class members worked over 40 hours per week on a regular basis and were not paid overtime compensation.

21.    Upon information and belief, other Class members were subjected to the same policies and practices as Plaintiff and have sustained similar losses of compensation for numerous hours worked on behalf of Defendant.

22.    Defendant, through its corporate management deliberately trained, supervised, instructed, and authorized managerial employees to engage in the above unlawful practices and has ratified their actions thereafter, in order to enhance corporate profits and reduce Defendant's labor costs.

## FIRST CLAIM FOR RELIEF
### (New York  Minimum Wage Act, N.Y. Stat. § 650 *et seq.*, 12 NYCRR § 142-2.2 and related minimum wage regulations)
### (Brought by Plaintiff on Behalf of Himself and the Class)

23.    Plaintiff, on behalf of himself and other Class members, realleges and incorporate by reference all preceding paragraphs as if they were set forth again herein.

24.    Throughout the Class Period, Plaintiffs and other Class members regularly worked in excess of 40 hours per workweek.

25.    At all relevant times, Defendants have operated under common policies, plans and practices of willfully failing to pay Plaintiff and other Class members at one-and-one-half times their regular rate wage for work in excess of 40 hours per workweek, and willfully failing to keep records required by New York law, including 12 NYCRR § 142-2.6, even though the Class members have been and are entitled to overtime compensation.

26.    At all relevant times, Defendants willfully, regularly, and repeatedly failed to pay Plaintiff and Class members the required overtime rate of one-and-one-half times their regular rate for hours worked in excess of 40 hours per workweek.

27.    Plaintiff and the Class members seek damages in the amount of their respective unpaid overtime compensation, as well as, liquidated damages, pre- and post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and Class members, prays for relief as follows:

A.    A declaratory judgment that the practices complained of herein are unlawful under New York law;

B.    An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

C.    Designation of this action as a class action pursuant to F.R.C.P. 23.

D.    Designation of Plaintiff as a Representative of the Class.

E.    An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

F.    Penalties available under applicable law;

G.    Costs of action incurred herein, including expert fees;

H.    Attorneys' fees, including fees pursuant to N.Y. Lab. L. §§ 198(1-a), 663 and other applicable statutes.

I.    Pre-judgment and post-judgment interest, as provided by law; and

J.    Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated:  New York, New York
        January 30, 2012

Respectfully submitted,

JOSEPH, HERZFELD, HESTER &
KIRSCHENBAUM LLP

By: _____
Charles Joseph (CJ-9442)
D. Maimon Kirschenbaum (DK-2448)
Michael D. Palmer (MP-5090)
233 Broadway, 5th Floor
New York, NY  10279
Tel. (212) 688-5640
Fax  (212) 688-2548

Eric Kingsley*
Kingsley & Kingsley, APC
16133 Ventura Boulevard, Suite 1200
Encino, CA 91436
Tel: (818) 990-8300
Fax: (818) 990-2903
*Seeking admission pro hac vice

*Attorneys for Plaintiff, Proposed
Collective Action Members, and Putative Class
Members*

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of himself and all other Class members, hereby demands a jury trial on all causes of action and claims with respect to which he and the other Class members have a right to a jury trial.

9